UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:24-cr-52-MPB-MJD-01 |
| | ) | |
| CHRISTOPHER BYRNE, | ) | |
| | ) | |
| Defendant. | ) | |

**PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT**

The United States of America, by counsel, John E. Childress, Acting United States Attorney for the Southern District of Indiana, and, Matthew J. Rinka and Kathryn E. Olivier, Assistant United States Attorneys (the "Government"), and the defendant, Christopher Byrne (the "Defendant"), in person and by counsel, H. Samuel Ansell, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(a)(2) and (c)(1)(B). The following are its terms and conditions:

**Guilty Plea and Charge**

**1.     Plea of Guilty:** The Defendant petitions the Court for leave to enter and agrees to enter a plea of guilty to Count 1 of the Indictment, which charges that the Defendant committed the offense of Felon in Possession of Ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

**2.     Potential Maximum Penalties**: Count 1 is punishable by a maximum sentence of 15 years of imprisonment, a $250,000 fine, and at least 3 years of supervised release following any term of imprisonment.

3.    **Elements of the Offense:** To sustain the offense to which the Defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

    a.    The Defendant knowingly possessed ammunition;

    b.    At the time of the possession, the Defendant had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding 1 year;

    c.    At the time of the possession, the Defendant knew that he had been convicted of a crime punishable by imprisonment for a term exceeding 1 year; and

    d.    The ammunition had been shipped or transported in interstate or foreign commerce before the Defendant possessed it.

## General Provisions

4.    **Sentencing Court's Discretion Within Statutory Range:** The Defendant agrees and understands that: (a) the Court will use its discretion to fashion a sentence within the statutory range set forth above; (b) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range; (c) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range; (d) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (e) restitution may be imposed; (f) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (g) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (h) by pleading "Guilty," the Court may impose the same punishment as if the defendant had plead "Not Guilty," had stood trial and been convicted by a jury.

5. **Sentencing Court Not Bound by Guidelines or Recommendations:** The Defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the Defendant's sentence is within the discretion of the Court. The Defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the Defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

6. **Plea Agreement Based on Information Presently Known:** The Defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the Defendant based on information currently known to the United States Attorney for the Southern District of Indiana.

The Government will inform the Court and the Defendant at the time of taking the Defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the Defendant.

7. **No Protection from Prosecution for Unknown or Subsequent Offenses:** The Defendant acknowledges and agrees that nothing in this Plea Agreement shall protect the Defendant in any way from prosecution for any offense not specifically covered by this Plea Agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The Defendant further acknowledges and agrees that nothing in this Plea Agreement shall protect the Defendant in any way from prosecution for any offense committed after the date of this Plea Agreement.

8. **Rights Under Rule 11(b), Fed. R. Crim. P.:** The Defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the Defendant any statement that the Defendant gives under oath during the guilty plea colloquy. The Defendant also understands that the defendant has the right: (a) to plead not guilty, or having already so pleaded, the right to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and, if necessary, have the court appoint counsel – at trial and at every other stage of the proceedings, including appeal; and (d) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The Defendant also understands that the Constitution guarantees the right to be considered for release until trial; and if found guilty of the charge, the right to appeal the conviction on such charge to a higher court. The Defendant understands that if the Court accepts this plea of guilty, the Defendant waives all of these rights.

### Sentence of Imprisonment

9. **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):** The parties have **not** agreed upon a specific sentence. The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter. However, the Government has agreed to recommend a sentence within the Guidelines range calculated by the Court at sentencing, provided that the Defendant: (i) continues to fully accept responsibility for the offense; (ii) does not commit a new criminal offense before the date of any sentencing; and (iii) does not otherwise violate the terms of any pre-trial release before the date of sentencing.

10. **Supervised Release:** Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any

term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

### Monetary Provisions and Abandonment of Seized Property

11. **Mandatory Special Assessment:** The defendant will pay a total of $100 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

12. **Fine:** The parties have no agreement about the appropriateness, or amount, of any fine.

13. **Financial Obligations:** The Defendant understands and agrees to the following financial obligations:

    a. **Obligation to Pay:** Any financial obligation imposed by the Court, including the implementation of a fine, is due and payable immediately. The defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court. The Government may use the Federal Debt Collection Procedures Act and any other remedies provided by law to collect any fine. The Defendant consents to the Government's use of such legal remedies to collect the Defendant's financial obligation and hereby waives any objection to such collection efforts.

    b. **Financial Disclosure:** The Defendant shall disclose to the United States Attorney's Office and the United States Probation Office all assets in which he has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. The Defendant shall truthfully complete the United States Attorney's Office's financial statement form and return the completed form to both the United States Attorney's Office and the United States Probation Office.

      **c.**      **Notice of Material Changes:** Prior to sentencing, the Defendant shall provide notice to the United States Attorney's Office and United States Probation Office of any material change in the Defendant's economic circumstances, within 7 days of the event giving rise to the changed circumstances. Such changes shall include, but are not limited to, the transfer of any property, or the Defendant's interest in any property, with a value exceeding $1,000, owned, possessed, and/or controlled directly or indirectly, individually or jointly, by the Defendant.

      **d.**      **Failure to Disclose:** The Defendant's failure to timely and accurately complete the financial statement or to provide notice of material change in economic circumstances may, in addition to any other penalty or remedy, constitute the Defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

      **e.**      **Material Misrepresentations and Omissions:** If the Defendant makes any material misrepresentation or omission in or regarding the above-described financial obligations, including failing to disclose assets in which the Defendant owns, possesses, controls, or has an interest, the Government may, at its sole option, choose to be relieved of its obligations under this Plea Agreement. Misrepresentations and/or omissions are material if they effect the Defendant's net worth by $10,000 or more.

**14.**      **Abandonment of Seized Property:** The Defendant understands that property may have been seized by federal, state, or local law enforcement agencies during the investigation and prosecution of this cause. If such property is not forfeited and/or has not been returned to the Defendant by the date of sentencing, then the Defendant agrees to abandon all right, title, and interest the Defendant may have in such property, so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies without further notice or

obligation whatsoever owing to the Defendant. The Defendant consents to the vesting of title to such property to the United States, pursuant to 41 C.F.R. § 128-48.102-1. The Defendant waives any right to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take to carry out the abandonment, disposition, and/or destruction of such property. The Defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of such property. The Defendant further agrees to hold the United States of America, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of such property.

### Factual Basis for Guilty Plea

**15.** The parties stipulate and agree that the following facts establish a factual basis for the Defendant's plea of guilty to the offense set forth in Paragraph 1, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of the Government's evidence. This Plea Agreement is not intended to foreclose the presentation of, and the Government reserves the right to present, additional evidence at the time of sentencing.

    **a.** On September 11, 2017, the Defendant was convicted of Felon in Possession of a Firearm and Felon in Possession of Ammunition in the United States District Court for the Southern District of Indiana, Cause No. 1:17-cr-34-JMS-TAB. The Defendant was sentenced to 37 months of imprisonment, followed by 2 years of supervised release.

      **b.**      On or before May 4, 2023, the Defendant absconded from federal supervised release.

      **c.**      In February 2024, while the Defendant's whereabouts were unknown, the Defendant sent a concerning text message to his supervising probation officer:

> Human beings do a lot of evil things to each other. Rape, murder, child molestation. Absolutely evil. But this terrorist organization pretending to be a legitimate government is willing to destroy a man's life for nothing more than going to work every day without their permission. You treat a man like an animal, take away all human dignity, throw a man in a cage and feed him dog food for years. For nothing. Government is no longer for the people, by the people and of the people. It's now for the Bar, of the Bar, and by the Bar. Politicians, as evil and corrupt as they are, aren't even the problem. They can't enforce tyranny. It takes judges, lawyers, and scumbag mafia enforcers like you to do it. And psychopaths like you always use the excuse that "might makes right." You can use whatever excuse you want, but the truth is you're an evil scumbag piece of shit. You're no different than the Nazi officers claiming they were just following orders. "I'm just doing my job." I lost my grandmother last night. I haven't been able to go see her for a year because of YOU and the terrorists you work for. I want you to know that I genuinely and sincerely hate you from the bottom of my heart, and I hope you, and every judge, prosecutor, cop in Amerika burns in hell for eternity. I hope your cunt whore mother burns in hell. I hope your cunt whore wife burns in hell. I hope your cunt whore daughter burns in hell. And I hope your prick son at [University[1]] burns in hell. Fuck you and burn in hell you scumbag mother fucker. I hope you fucking die in agony soon. Suck my fucking dick scumbag.

      **d.**      On March 5, 2024, law enforcement located the Defendant, driving a white GMC Sierra pickup truck, at a Pilot Travel Center in Whiteland, Indiana, which is in the Indianapolis Division of the Southern District of Indiana.

---

[1] BYRNE's text message contained the name of the university that his probation officer's son attends. The name of that university is known to me but is redacted here.

  **e.**  Rather than endanger public safety by attempting to arrest the Defendant at the Pilot Travel Center, law enforcement followed the Defendant to his mother's residence and arrested him.

  **f.**  Following the Defendant's arrest, law enforcement examined the Defendant's white GMC Sierra pickup truck from the outside of the vehicle and observed, in plain view inside the vehicle, a firearm, an ammunition magazine, and a box of Federal brand ammunition.

  **g.**  The Defendant's vehicle was searched pursuant to a federal search warrant. Inside the Defendant's vehicle, officers found: (i) a .223 caliber rifle with a loaded, attached ammunition magazine, a round in the chamber, and a scope attached to the rifle; (ii) 8 additional ammunition magazines for the .223 caliber rifle, 6 of which were loaded with ammunition; (iii) a box containing Federal brand and Speer brand .45 caliber ammunition; (iv) a plastic bag containing miscellaneous rounds of ammunition (including 9 mm ammunition and .22 caliber ammunition); (v) a ghillie suit; and (vi) a document entitled "Declaration of War" which contains sentiments consistent with the Defendant's text message to his probation officer. *See* ¶ 15.c.

  **h.**  The .223 caliber rifle was designed to, and was capable of, expelling a projectile by the action of an explosive. The ammunition magazine attached to the .223 caliber rifle was capable of accepting more than 15 rounds of ammunition. All of the ammunition recovered from the Defendant's vehicle (e.g., the .223 caliber ammunition, the .45 caliber ammunition, the 9 mm ammunition, and the .22 caliber ammunition identified in paragraph 15.g., above) is ammunition as defined by 18 U.S.C. § 921(a)(17)(A).

  **i.** Federal brand ammunition is manufactured by Federal Premium Ammunition in Anoka, Minnesota. Speer brand ammunition is manufactured by Speer in Lewiston, Idaho. Accordingly, the Federal and Speer ammunition traveled in interstate commerce before the Defendant possessed it.

  **j.** Prior to the Defendant's possession of ammunition on March 5, 2024, the Defendant was a convicted felon, having been convicted of: (i) Operating while Intoxicated with a Prior Conviction in Hendricks County, Indiana; (ii) Operating while Intoxicated in Marion County, Indiana; (iii) Carrying a Handgun without a License in Johnson County, Indiana; (iv) Habitual Traffic Violator in Johnson County, Indiana; (v) Theft in Marion County, Indiana; (vi) Felon in Possession of a Firearm in the United States District Court for the Southern District of Indiana; and (vii) Felon in Possession of Ammunition in the United States District Court for the Southern District of Indiana. The Defendant knew that he was a convicted felon.

## Other Conditions

**16.** **Background Information:** The Defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the Defendant for the purpose of imposing an appropriate sentence. The Defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the Defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

**17.** **Good Behavior Requirement:** The Defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case. If the Defendant fails to fully comply with such conditions, then the Government may withdraw from this Plea Agreement.

**18.     Compliance with Federal and State Laws:** The Defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the Defendant abiding by federal and state laws.

## Sentencing Guideline Stipulations

**19.     Guideline Computations:** Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court. The 2023 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

   **a.     Base Offense Level:** The parties stipulate and agree that the base offense level for the violation of 18 U.S.C. § 922(g) charged in Count 1 of the Indictment is 20 pursuant to U.S.S.G. § 2K2.1(a)(4).

   **b.     Acceptance of Responsibility:** To date, the Defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Based upon the Defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement, the Government agrees that the Defendant should receive a 2-level reduction *provided* the Defendant satisfies the criteria set forth in U.S.S.G. § 3E1.1(a) up to and including the time of sentencing. The Defendant timely notified the Government of the Defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their

resources efficiently. After the Defendant enters a plea of guilty, the Government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by 1 additional level. The parties reserve the right to present evidence and arguments concerning the Defendant's acceptance of responsibility at the time of sentencing.

      **c.**      **Final Offense Level:** The parties stipulate and agree that the final offense level for the violation of 18 U.S.C. § 922(g)(1) charged in Count 1 of the Indictment is 17.

### Waiver of Right to Appeal

**20.**    **Direct Appeal:** The Defendant understands that the Defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the Defendant expressly waives the Defendant's right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742, except as set forth in paragraph 21 of this Plea Agreement. The Defendant further expressly waives any challenge that the Defendant's admitted conduct does not fall within the scope of the applicable statute. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions of supervised release and the amount of any fine.

**21.**    **Limited Reservation of Rights:** Pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, the Defendant reserves the right, on appeal from the judgment in this cause, to seek review of the Court's December 16, 2024 Order denying the Defendant's Motion to Dismiss. (Docket No. 33.) This conditional plea is confined to the limited issues raised in the Defendant's June 28, 2024 Motion to Dismiss the Indictment (Docket No. 28), the Defendant's

June 28, 2024 Brief in Support of Motion to Dismiss (Docket No. 29), and the arguments that the Defendant advanced before the district court in support of his motion. If the Defendant prevails on appeal of this Court's denial of his Motion to Dismiss, then he will be allowed to withdraw his plea of guilty, and nothing said by the Defendant during his guilty plea hearing or sentencing can be used against the Defendant. Consistent with the provisions of this Plea Agreement, the Defendant waives all other direct and collateral attacks on his conviction except as outlined in paragraph 22, below.

22. **Later Legal Challenges:** Additionally, the Defendant expressly agrees not to contest, or seek to modify, the Defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255, *except* as follows:

a. **Ineffective Assistance of Counsel:** As concerns the § 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the Defendant received ineffective assistance of counsel.

b. **Retroactive Sentencing Guidelines Reductions:** As concerns this § 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the Defendant's offense and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the Defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment. However, if the Defendant files such a motion, the Government may oppose the motion on any other grounds. Furthermore, should the Defendant seek to appeal an adverse ruling of the district court on such a motion, this waiver bars such an appeal.

      **c.**      **Motions for Compassionate Release:** As concerns this § 3582 waiver, the Defendant reserves the right to file motions seeking a "compassionate release" sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and compelling reasons" set forth in U.S.S.G. § 1B1.13. The Government reserves the right to oppose any motion for compassionate release on any grounds.

**23.**    **No Appeal of Supervised Release Term and Conditions:** The Defendant waives the right to appeal the length and conditions of the period of supervised release.

## Presentence Investigation Report

**24.**    The Defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

**25.**    The Defendant further requests and consents to the review of the Defendant's Presentence Investigation Report by a Judge, the Defendant's counsel, the Defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

## Statement of the Defendant

**26.**    By signing this document, the Defendant acknowledges the following:

      **a.**      I have received a copy of the Indictment and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictment in open Court, and all further proceedings including my arraignment.

      **b.**      I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled

and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

  c.  I have read the entire Plea Agreement and discussed it with my attorney.

  d.  I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

  e.  Except for the provisions of the Plea Agreement, no officer or agent of any branch of Government (federal, state, or local), nor any other person, has made any promise to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty." I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

  f.  I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

  g.  I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

  h.  I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime to which I am entering my plea.

  i.  My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal

15

as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within 14 days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

    **j.**    My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate judge, or probation office, then § 3C1.1 of the Sentencing Guidelines allows the Court to impose a 2-level increase in the offense level.

    **k.**    If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed Plea Agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty Plea Agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

### Certificate of Counsel

**27.**    By signing this document, the Defendant's attorney and counselor certifies as follows:

    **a.**    I have read and fully explained to the Defendant all the accusations against the Defendant which are set forth in the Indictment in this case.

    **b.**    To the best of my knowledge and belief each statement set forth in the foregoing Plea Agreement is in all respects accurate and true.

  **c.**  The plea of "Guilty" as offered by the Defendant in the foregoing Plea Agreement accords with my understanding of the facts as related to me by the Defendant and is consistent with my advice to the Defendant.

  **d.**  In my opinion, the Defendant's waiver of all reading of the Indictment in open Court, and in all further proceedings, including arraignment as provided in Fed. R. Crim. P. 10, is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court.

  **e.**  In my opinion, the plea of "Guilty" as offered by the Defendant in the foregoing Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the Defendant as requested in the foregoing Plea Agreement.

### Final Provision

28.  **Complete Agreement:** The Defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the Defendant to plead guilty. This document is the complete and only Plea Agreement between the Defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney

2/10/2025
DATE

Kathryn E. Olivier
Assistant United States Attorney

2/10/2025
DATE

Matthew J. Rinka
Deputy Chief, National Security Unit

2-10-25
DATE

Christopher Byrne
Defendant

2/10/2025
DATE

*H. Samuel Ansell*

H. Samuel Ansell
Counsel for Defendant

